[No. 7344. Decided September 28, 1908.]

## KATHERINE SCHILLREFF, *Appellant*, v. CONRATH SCHILLREFF *et al.*, *Respondents*.[1]

ESTOPPEL—TO ASSERT TITLE—LACHES—HUSBAND AND WIFE—COM-
MUNITY PROPERTY. A wife is estopped from asserting a community
property interest in land for which her husband held a contract of
purchase from a railway company, where, in 1897, the husband sold
and assigned the contract to a third person who took possession and
made valuable improvements, and it appears that the wife knew of
the assignment and was satisfied with the money received therefrom,
they being unable to complete the payments, and in subsequent di-
vorce proceedings against her husband, she set forth a description
of property owned by him without mention of this land, and made
no claim thereto at that time or for many years thereafter while the
purchaser was making improvements and paying for the property,
nor until the railroad company issued a deed therefor to the pur-
chaser.

Appeal from a judgment of the superior court for Spo-
kane county, Warren, J., entered August 7, 1907, upon find-
ings in favor of the defendants, after a trial before the court
without a jury, in an action of ejectment. Affirmed.

*Gallagher & Thayer*, for appellant.

*O. R. Holcomb* and *Lovell & Davis*, for respondents.

ROOT, J.—This is an action by appellant to establish her
ownership to an undivided half interest in a certain section of
land, in Adams county, and to recover possession thereof.
The case was tried by the court without a jury, and resulted

[1]Reported in 97 Pac. 457.

in findings and conclusions and a decree favorable to defendants. From this decree, the plaintiff appeals.

On the 15th of January, 1897, and for many years theretofore, plaintiff and respondent Schillreff were husband and wife, and on that day respondent Schillreff entered into a contract with the Northern Pacific Railway Company for the purchase of the land in question, and made the first payment thereon. Schillreff and wife took possession of the property and made some improvements. On October 28, 1897, respondent Schillreff made an assignment of this contract to respondent Jacob Hardung, who then took possession of the land and has ever since been in possession thereof, denying that appellant had any right thereto. In the January following, respondent Schillreff deserted appellant, and the latter subsequently obtained a divorce from said respondent. In her complaint in the divorce action she set forth a description of property as owned by herself and husband, which description did not cover the property here in question, and no allusion was made in said proceeding to such property, and no claim to the same interposed, and no decision made in any way referring to the same.

Respondent Hardung, after the assignment of the contract, completed the payments provided for therein and, after full payment had been made, received the deed for the land from the railway company. He and his wife built a house and barn on said premises, and otherwise improved and made the same valuable. Their possession and improvement of the property were at all times well known to appellant. It is urged by the latter, however, that the land was community property, and that her husband had no right to make the assignment of the contract therefor to respondent Hardung, and that she now has a right to recover an undivided one-half interest therein. Respondents urge that she is estopped from putting forth any claim to the land at this time. The trial court reached the conclusion that she was so estopped,

and that the respondents Hardung and wife were entitled to a decree quieting their title in and to the land.

We think this conclusion was correct. Although conflicting, we think the evidence shows satisfactorily that the appellant knew of the assignment of the contract at the time that it was made, and sanctioned the same; that she and her husband were short of money at that time, and could probably not have made the payments that were soon to become due thereupon; that shortly after the assignment, she expressed herself as highly gratified at being able to sell the contract and get some money therefor, inasmuch as they otherwise would have been unable to meet the payments, and would have lost the entire property with what they had paid thereon. The money paid by Hardung went to appellant's husband and presumably to and for the benefit of the community composed of himself and appellant. The fact that in the divorce proceeding she made no mention of this property tends to show that she then made no claim to the same, and had no idea that she had any interest therein. In the light of these circumstances, and of the fact that she stood by so many years while respondent Hardung and wife were occupying and improving this land and paying for the same to the railway company and in every way treating it as their own, we think she is, and should be, estopped at this time from asserting any claim to the premises.

The judgment of the superior court is affirmed.

HADLEY, C. J., CROW, and MOUNT, JJ., concur.

FULLERTON and RUDKIN, JJ., took no part.